PROB 12C
(7/93)

# UNITED STATES DISTRICT COURT
for
**Middle District of Pennsylvania/Harrisburg**

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Shanika Davis  **Case Number:** 1:11Misc-370-01

**Name of Sentencing Judicial Officer:** The Honorable Deborah A. Batts, U.S. District Judge, Southern District of New York*

**Date of Original Sentence:** February 24, 2009

**Original Offense:** Count One: Conspiracy to Transport Firearms, 18 U.S.C. § 371, Count Two: Illegal Transportation of Firearms 18 U.S.C. § 922(a)(5), and Count Three: False Statements in Connection with Firearms, 18 U.S.C. § 922(a)(6)

**Original Sentence:** Two years probation on each count, to run concurrently

**Type of Supervision:** Probation   **Date Supervision Commenced:** June 1, 2011*

**Maximum Sentence Upon Revocation:** Counts 1 and 2: 5 years imprisonment, 3 years supervised release
Count 3: 10 years imprisonment, 3 years supervised release

**U.S. Attorney:** Brian McDonnell   **Defense Counsel:** Fritz Ulrich

*On November 23, 23, 2009, the Honorable Stewart Dalzell, from the Eastern District of Pennsylvania, accepted jurisdiction of the case. On June 1, 2011, Judge Dalzell revoked the defendant's probation (re-sentenced to three years probation with the first 6 months on house arrest). On August 31, 2011, the Honorable Sylvia H. Rambo, U.S. District Judge, Middle District of Pennsylvania accepted jurisdiction of the case. On January 18, 2012, a violation hearing was held before Judge Rambo and the offender was found in violation and ordered to serve an additional six month term of home confinement.

---

## PETITIONING THE COURT

[X]   To issue a warrant

[]    To issue a summons

The probation officer believes that the defendant has violated the following condition(s) of supervised release:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| **General Condition** | "The defendant shall not commit another federal, state or local crime." |
| **General Condition** | "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court." |
| **Standard Condition #7** | "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician." |
| **Standard Condition #9** | "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with person convicted of a felony, unless granted permission to do so by the probation officer." |
| **Standard Condition #11** | "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." |

On April 9, 2013, the Mechanicsburg Police Department charged the offender with possession of a firearm by a prohibited person, conspiracy - possession of a firearm by a prohibited person, receiving stolen property, conspiracy to receive stolen property, ans use/possess drug paraphernalia. On April 15, 2013, the offender was arrested and is being held in the Cumberland County Prison in lieu of $50,000 bail. A preliminary hearing is scheduled for April 22, 2013, before Magisterial District Judge Brenda Knepper.

On March 13, 2012, the United States Marshals Service, Pennsylvania State Parole and the Cumberland County Drug Task Force executed an arrest warrant for Shawn Collier at the offender's residence. Mr. Collier was a fugitive from PA State Parole authorities. It is noted that at the offender's January 18, 2012 violation hearing, the Court sternly warned Ms. Davis about further contact with Mr. Collier. Ms. Davis did not open the door and agents had to gain entry to the home via a window. Mr. Collier was present in the home and was taken into custody.

Officers smelled a strong odor of marijuana and consequently conducted a search of the home. Law enforcement seized about three pounds of marijuana, materials to grow marijuana indoors including; plant chemicals, UV lights, planters, air ducts, air filters and air pumps, and a stolen Glock semi-automatic handgun with a laser sight was found in a pair of woman's jeans. A large insulated portable grow room was also found in the basement. It was not currently being used and was stored in a closet. A receipt was found that the grow room was delivered and addressed to the offender at her Mechanicsburg address. Further, agents found marijuana seeds/particles in the toilet that was flushed prior to agents entering the residence. At the time of the arrest, Mr. Collier claimed responsibility for the drugs, but has since recanted his admissions. Mr. Collier had also been charged with various offenses.

On March 19, 2012, the offender called the probation officer to discuss her location monitoring schedule. During this telephone contact, the probation officer asked the offender about her recent police contact. Ms. Davis claimed she called and left a voice message for the probation officer. The probation officer advised Ms. Davis that the last message she left for the probation officer was prior to agents executing a warrant at her home on March 13, 2012. Agents contacted the probation officer while they were at Ms. Davis' residence and the probation officer was awaiting the offender's call. However, Ms. Davis did not report her police contact within 72 hours as required.

When questioned about the incident, Ms. Davis purported that Mr. Collier came to her home on the evening of March 12, 2012, because she had not replied to his messages. The offender purported that they had a brief argument and she went to sleep without knowing he was still in her house. Ms. Davis averred that she also had no idea that officers were at her home and added that she was still sleeping when police literally got her out of her bed.

Ms. Davis' explanation to the probation officer contradicts the information she provided to agents. At the time of the search warrant, the offender told agents that Mr. Collier was driving her car, a black 1998 Lincoln, and that the car broke down near her home so Collier came to her house for the night. Further, agents advised that they were knocking on the door and windows for about thirty minutes and yelling into open windows and that it is impossible that the offender did not hear them.

Regarding the offender's ongoing contact with Mr. Collier, Ms. Davis was repeatedly warned about her contact with felons and in particular, Mr. Collier. Despite these warnings and the March 13, 2012 incident at her home, Ms. Davis continued to have regular contact with Mr. Collier. The probation officer has

spoken with prison officials at SCI Smithfield where Mr. Collier was being held. Ms. Davis and Mr. Collier have had over several hundred phone calls since the March 2012 incident. Ms. Davis has written Collier and she has deposited over a thousand dollars into his prison account. Plus, the offender visited Mr. Collier at SCI Camp Hill on three separate dates; March 22, 2012 from 2:30 p.m. to 5:20 p.m., March 26, 2012, from 9:02 a.m. to 11:48 a.m. and March 27, 2012, from 10:06 a.m. to 11:44 a.m. These visits occurred while Ms. Davis was subject to location monitoring and were not authorized.

Additionally, SCI security officials provided the probation officer with recordings of telephone calls between Mr. Collier and Ms. Davis. Ms. Davis used numerous phone numbers, including at least one cellular phone, which she never provided to the probation office and specifically denied owning. In fact, the offender refused to remove special features from her home phone as required as part of the location monitoring program conditions because she falsely alleged that her physicians, her son's school and other agencies had to be able to leave a messages for her. It is noted that in dozens of the recorded conversations it was clearly revealed that the offender was not in compliance with the location monitoring program. Also, Mr. Collier and Ms. Davis discussed the criminal conduct surrounding the March 13, 2012 incident at the offender's home and they repeatedly tried to devise a plan to prepare a defense. Ms. Davis clearly acknowledged the gun and drugs seized from her residence. The probation officer only reviewed a small fraction of the conversations due to the significant volume and frequency of the calls.

On April 1, 2013, the offender was convicted of fraudulently obtaining food stamps and public assistance (felony) in Dauphin County Court (Dkt. No. CR-2300-2012). Ms. Davis was sentenced to 48 months probation with restitution and costs totaling $6,402. Court records reflect the offender's conduct occurred in August 2011, while she was under federal supervision. Ms. Davis has not reported her conviction or probationary status in Dauphin County to the probation officer.

| | |
|---|---|
| **Standard Condition #2** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |

Ms. Davis has only sporadically submitted written monthly supervision report forms during her entire term of supervision. In fact, she has not submitted any additional reports since her last violation hearing on January 18, 2012, at which time her failure to submit monthly reports was specifically addressed by the Court. At that time the offender was warned that failure to submit timely and complete reports with supporting documents would be a violation of her supervision and she would be jeopardizing her son.

| | |
|---|---|
| **Standard Condition #3** | "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions fo the probation officer." |
| **Special Condition** | "The defendant shall serve the first six moths on house arrest with electronic monitoring at the Court's expense, with release privileges for work, religious services, necessary physicians's appointments and such other occasions as her probation officer shall permit on reasonable advance notice." |

The offender has routinely provided false information to the probation regarding essentially all aspects of her supervision. Ms. Davis denied ongoing contact with Rashawn Collier, she concealed her use and possessions of cellular phones so the probation office could not reach her during her period of location monitoring, and has failed to submit requested documents needed to corroborate her employment hours, medical appointments, financial status, and the vehicles owned and/or operated by Ms. Davis.

On March 22, 2012, while on location monitoring, the probation office received an "open strap" alert on the offender's unit. The office contacted the offender and she reported that she went to the hospital after fainting at work. Ms. Davis claimed that the emergency room doctor removed the transmitter so she could undergo MRI testing. The next day, this probation officer contacted the offender for further clarification. Ms. Davis averred that she had a medical emergency and went to the ER for treatment. Ms. Davis asserted she fell and fractured her cheek bone and was on medical bed rest until her situation stabilized. The offender added she was unable to report to the probation office to have the transmitter reattached because she was not authorized to drive or return to work until cleared by her physician. The offender finally reported to the probation office five days later on March 28, 2012. It is noted that the offender actually visited Mr Collier for almost three hours at SCI Camp Hill on March 22, 2012, the date of her alleged medical incident, and again on March 26, 2012 and March 27, 2012.

The probation officer unsuccessfully tried to secure medical records from Holy Spirit Hospital. Ms. Davis only provided a discharge notice from the hospital that listed a clinical impression of vomiting and that she was to generally follow up with her physician. The paperwork did not reveal that any testing was done or that the location monitoring transmitter was removed. Ms. Davis did not submit additional verification of the alleged event despite repeated requests by the probation officer.

Further, many of the recorded phone calls between the offender and Mr. Collier revealed that the offender was often not at work, school or a medical appointment as was authorized per her approved schedule during her term of location monitoring. A few examples of this noncompliance is when Ms. Davis reported her whereabouts at locations such as Giant Foods, K-mart, a furniture

store, a rental center, and Best Buy to purchase a computer. The offender had numerous program violations for leaving without prior approval and returning home late. Additionally, the offender failed to submit requested verification of her routine activities. The offender's failure to provided requested documents was a significant issue that was addressed during her prior violation hearing.

U.S. Probation Officer Recommendation:

[X] The term of probation should be

    [X]    revoked.

    [ ]    extended for _____ years, for a total term of _____ years.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   April 18, 2013

S// Wiliam Gottlieb
William S. Gottlieb
Senior U.S. Probation Officer

---

THE COURT ORDERS:

[ ] No action

[X] A warrant be issued. This Petition and Order shall be sealed until the warrant is executed or lodged as a detainer at the Cumberland County Prison.

[ ] The issuance of a summons

[ ] Other

Sylvia H. Rambo, U.S. District Judge

April 22, 2013
Date

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| SHANIKA DAVIS | ) | Case No.   1:11-MISC-0370-01 |
| Defendant | ) | |

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* _____,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
X Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Violations of Conditions of Probation

Date:  Apr 22, 2013                               _____
                                                  *Issuing officer's signature*

City and state:  Harrisburg, Pennsylvania          Mark J. Armbruster
                                                  *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                    _____  *Arresting officer's signature*  _____  *Printed name and title* |